■ In the Matter of CAYDEN L.R., an Infant. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAYME R., Appellant. [921 NYS2d 605]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered May 18, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights pursuant to Social Services Law § 384-b (4) (c) on the ground of mental retardation. We conclude that petitioner established by clear and convincing evidence that the father is "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care for [his] child" (*id.*; *see Matter of Josh M.*, 61 AD3d 1366 [2009]; *Matter of Christine Marie R.* [appeal No. 1], 302 AD2d 992 [2003], *lv denied* 100 NY2d 503 [2003]). Petitioner presented the testimony of two psychologists "who each testified that the father is mildly mentally retarded, which is a lifelong condition, and that his mental retardation rendered him incapable of providing proper and adequate care for his child . . . [, and t]he father presented no evidence to the contrary" (*Josh M.*, 61 AD3d at 1366). The father contends that terminating his parental rights was not in the best interests of the child because the termination did not free the child for adoption. We reject that contention. Social Services Law § 384-b "does not prohibit termination of parental rights when the [child is] not freed for adoption" (*Matter of Peter GG.*, 33 AD3d 1104, 1105

[2006]). Contrary to the further contention of the father, we conclude that Family Court properly denied him post-termination contact "inasmuch as he failed to establish that such contact would be in the best interests of the child[ ]" (*Matter of Diana M.T.*, 57 AD3d 1492, 1493 [2008], *lv denied* 12 NY3d 708 [2009]). We have considered the father's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Fahey, Lindley, Gorski and Martoche, JJ.